UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON H.,<br><br>         Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 21-cv-0225-SBC<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 19 U.S.C. § 1920**<br>**[ECF NO. 26]** |

Presently before the Court is a joint motion for the award of attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") and costs pursuant to 28 U.S.C. § 1920. (ECF No. 26.) For the reasons set forth below, the joint motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On December 8, 2023, the Court issued an order granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Cross-Motion for Summary Judgment, and remanding for further administrative proceedings. (ECF No. 22.) On January 11, 2024, the Court issued an order clarifying that the case had been remanded pursuant to sentence six of 42 U.S.C. § 405(g), vacating the judgment entered by the Clerk of Court, and retaining

1  jurisdiction over the action until the completion of the remanded administrative
2  proceedings. (ECF No. 25.)
3     The joint motion presently before the Court seeks an award of $7,500.00 in
4  attorney's fees and expenses under 28 U.S.C. § 2412(d) and $402.00 in costs under 28
5  U.S.C. § 1920 payable to Plaintiff's counsel. (ECF No. 26.)

## II.     LEGAL STANDARD

The EAJA provides in relevant part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment. § 2412(d)(1)(B). The application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and the amount sought, including an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## III.     DISCUSSION

The EAJA provides that an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Under the EAJA, a final judgment is defined as "a judgment that is final and not appealable." § 2412(d)(2)(G). "In sentence six cases, the filing period does not begin until after the [post-remand] proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). When "the district court remands under sentence six, the claimant cannot apply for fees until the completion of post-remand proceedings." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995); *Neuhauser v. Colvin*,

No. C14-5421 BHS, 2015 WL 5081132, at *3 (W.D. Wash. Aug. 27, 2015) ("a claimant who obtains a sentence six remand does not become a prevailing party until the claimant is awarded benefits on remand") (citing *Akopyan v. Barnhart,* 296 F.3d 852, 855 (9th Cir. 2002); *Flores,* 49 F.3d at 568).

Here, the joint motion does not address whether Plaintiff has been awarded benefits on remand and whether post-remand proceedings have been completed. Moreover, the parties have not sought the entry of final judgment in the case. *See Melkonyan*, 501 U.S. at 102. While the Court notes that the itemized statement of attorney's fees and expenses attached as an exhibit to the joint motion includes entries dated February 24, 2025, indicating "review of ALJ decision" and "favorable DIB decision letter to client," these do not provide a sufficient basis upon which the Court can determine whether Plaintiff has been awarded benefits on remand, whether post-remand proceedings have been completed, and whether the appeal period has run. The Court is therefore unable to determine whether the award of attorney's fees and expenses is appropriate or timely.

## IV.   CONCLUSION

For the reasons discussed above, the parties' joint motion for the award of attorney's fees and expenses pursuant to the EAJA and costs pursuant to 28 U.S.C. § 1920 (ECF No. 26) is **DENIED WITHOUT PREJUDICE**. The parties may re-file a joint motion in accordance with 28 U.S.C. § 2412 and the other authorities set forth in this order.

**IT IS SO ORDERED.**

Dated: April 17, 2025

Hon. Steve B. Chu
United States Magistrate Judge